**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:                                                                CASE NO. 19-24331-BKC-JKO
                                                                             CHAPTER 13
RALPH LEVI SANDERS, JR.
_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the Debtor seeks to value real property securing the claim of the U.S. Small Business Administration (the "Lender"). Lender holds a mortgage recorded on September 29, 2006 at OR Book 42856, Pages 832 to 837 in the Official Records of Broward County, Florida.

2. The real property is located at 561 SW 60 Ave., Plantation, FL 33317 and is more particularly described as follows:

    Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida.

LF-77 (rev. 11/01/17)

3. At the time of the filing of this case, the value of the real property is $415,000.00 as determined by Debtor's Internet research (i.e., www.realquest.com).

4. The Bank of New York Mellon Trustee c/o Specialized Loan Servicing LLC holds a lien on the real property, senior to priority to Lender, securing claims in the aggregate amount of $433,587.20.

5. *(Select only one):*

    _X_ Lender's collateral consists solely of the Debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.00.

    ___ Lender's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____ .

6. The undersigned reviewed the docket and claims register and states (select only one):

    _X_ Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

    or

    ___ Lender filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0,

LF-77 (rev. 11/01/17)

deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

### CERTIFICATE OF SERVICE *AND COMPLIANCE WITH LOCAL RULES 3015-3(A)(1) AND 9073-1(D)*

I hereby certify that a copy of this Motion and the Notice of Hearing Generated by the Court upon filing of instant motion will be served pursuant to Bankruptcy Rule 7004 on the Chapter 13 trustee and the following affected parties in the manner described below on this 1st day of February, 2020 and that I have conferred with opposing counsel in an attempt to resolve these issues before requesting this hearing.:

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in local rule 910(d)(1) and (2).

**Served Upon:**

**Via CM/ECF:**
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Gavin N Stewart on behalf of Creditor Specialized Loan Servicing LLC
bk@stewartlegalgroup.com

LF-77 (rev. 11/01/17)

**Via Certified US Mail:**
Victoria Guerrero, District Director
U.S. Small Business Administration
51 SW First Ave., Suite 201
Miami, FL 33130

Stephen Kong, COO
U.S. Small Business Administration
409 3rd St. S.W., Suite 7000
Washinton, DC 20416

**Via US Mail:**
Small Business Administration
801 Tom Martin Dr.,  Suite 120
Birmingham, AL 35211

Dated: February 1, 2020          LAW OFFICES OF MICHAEL H. JOHNSON
                                 Attorneys for Debtor(s)
                                 3601 W. Commercial Blvd, Ste 31
                                 Ft. Lauderdale, FL  33309
                                 (954) 535-1131

                                 By: /s/ Michael H. Johnson
                                      Michael H. Johnson
                                      Florida Bar No. 0149543

LF-77 (rev. 11/01/17)