

**ORDERED in the Southern District of Florida on March 4, 2020.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO. 19-24331-BKC-PGH |
| | CHAPTER 13 |
| RALPH LEVI SANDERS, JR. | |
| _____/ | |

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY U.S. SMALL BUSINESS ADMINISTRATION**

**THIS CAUSE** came to be heard on the Chapter 13 consent calendar on March 2, 2020 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 32; the "Motion"). Based upon the debtor's assertions made in support of the Motion, and there being no objections otherwise raised, it is, therefore:

A.  The value of the debtor's real property (the "Real Property") located at

  561 SW 60 Ave., Plantation, FL 33317, and more particularly described as

   Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida

        is $415,000.00 at the time of the filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of The Bank of New York Mellon Trustee c/o Specialized Loan Servicing LLC (the "Lender") is $433,587.20.

C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $0.00.

3.    Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on September 29, 2006 at OR Book 42856, Pages 832 to 837 in the Official Records of Broward County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.    (Select only one):

    _X_    Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim,

    regardless of the original classification in the proof of claim as filed.

or

  __  Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $_____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

# # #

Submitted by:

Law Offices of Michael H. Johnson, P.A.
3601 W. Commercial Blvd. Suite 31
Ft. Lauderdale, FL 33309
(954) 535-1131
(954) 641-7750 fax

Michael H. Johnson is directed to serve copies of this order on all interested parties and file a certificate of service.