[Type here] | Ralph L. Sanders | Case 19-bk-24331-PDR

# Motion for

**Postponement of Hearing Scheduled for April 5, 2021, due to non-notification by opposing counsel.**

**Dear Honorable Judge Peter D. Russin**

**UNITED STATES BANKRUPTCY COURT**

**United States Courthouse 299 E. Broward Blvd.**

**Courtroom: 301 / Chambers: Room 303**

**Fort Lauderdale, FL 33301**

Bankruptcy Case 19-bk-24331-PDR                                    Date: March 29, 2021

I am requesting a postponement of the April 5, 2021 hearing Motion to Compel for the following reasons.

1. I was supposed to receive notification of the April 5, 2021 hearing Motion to Compel 14 calendar days before the hearing. I never received the April 5, 2021 hearing for Motion to Compel per the United States Postal Service Informed. See exhibits 1-20,

2. This is contrary to an agreement that Special Loan Servicing/BNYM and I had agreed to wait on any action until after Broward County Property Appraisers official completes the reducing the value of the asset

3. BCPA is reducing the value of the building by $100,000 due to insurance covered issues

4. The following are the motions to be filed that my creditors need.

5. Objection to the inaccuracy and highly misleading statements that Mr. Stewart made. The MMM Mr. Stewart refers to is attorney permitted. I am Pro-se. I do not have a Pro-Se approved MMM. The Mediator even noted in his Final report that I was UN-REPRESENTED," but Mr. Stewart makes it seem that I was. FALSE. Another FALSE innuendo that was the Mediator had stated that there was no agreement. The meditator did not mark the "No agreement box."

6. Motion: submit the 100+ emails, faxes that I had sent to SLS, BNYM &. Including offers and requests for BNYM employees (direct and indirect (SLS)) to take over the insurance litigation to protect BNYM asses per Corporate Governance. I never had access to LMM. MR. Stewart only communicated to me by way of an attorney who did not represent me.

7. Motion Litigation of BNYM employees not protecting their assets, and I am the collateral damage.

8. Motion to file. How it would be to the benefit all creditors to keep all assets in the protection of bankruptcy court and the asset was part of the chapter 13 plan

9. Motion: Need discovery to get a copy, properly redacted, of BNYM contract with SLS regarding SLS duties regarding BNYM assets. BNYM employee code and Corporate Governance require all parties to protect BNYM and its stakeholders' assets.

10. Motion: Current valuation of value

11. Motion notice to Court of litigation. I need an insurance law firm and the why.

12. Motion notice to Court of litigation. I need an inverse condemnation (Govt) lawyer

13. Motion. BK lawyer to herd other lawyers.

14. Motion: New material from this year and what material was never included in the prior LMM.

15. Motion: Litigation against BNYM due to SLS actions.

I had gotten in contact with the Florida Insurance Commission and filed complainants with the Insurance Commission against my homeowners' insurance company. The Florida Insurance commission agrees with me.

[Type here]  Ralph L. Sanders  Case 19-bk-24331-PDR

Universal Property & Causality asked for a 'do-over". I sent a write-up to the bankruptcy court, but the write-up had non-pdf items attached to it such that the write-up was rejected. I received additional documentation from the Florida Department of Insurance that an additional deep pocket company can be added as a defendant

Florida Insurance Commission agreed that I had valid issues. Adjusters from Universal Property admitted that they were at fault and requested a 'do-over,' but I need legal help to continue pressing the matter, and without the ability to get an attorney, the bankruptcies assets from the insurance claim would go to waste based

.

    In my situation, based on other issues, the current building code elevation I am at AE as far as the house itself, my home would have to be rebuilt from the ground up.

As Mr. Johnson had stated that I had too many litigation issues, he is correct. All of those issues have taken a toll on me.; I was already classified as ADA due to physical and mental issues by Social Security in court records (SSDI).

    With the ax hanging over my neck, I have been unable to think straightly to finish complete the adversary proceedings to submit to the

[Type here]                  Ralph L. Sanders                  Case 19-bk-24331-PDR

Court for the trustee to determine how to proceed with the Court's assets. I have been keeping my main creditors (SLS/BNYM) in the information loop. Unfortunately, nobody wants to help or offer guidance for legal help. Based on the quotes from the late Justice Scalia Supreme Court rulings of "When inaction becomes an action."

I have endeavored to get another bankruptcy attorney. Attorney Tim Kingcade was willing until he noticed that my case is in Broward County, and he only takes on cases in Miami Dade county. But I was informed that I could not transfer to another county. I have another interview this afternoon I am asking for a postponement of the hearing Motion to Compel in addition to whatever guidance the Court and the Trustee may suggest.

Attached are the following exhibits.

1. BNYM Corporate Governance for employees to protect BNYM assets & their stakeholders.
2. BNYM Corporate Governance for the Board of directors to protect assets BNYM & their stakeholders.
3. Mortgage contract that BNYM assumed from Wells Fargo page 11
4. A full copy of the Mediator's final report.
5. MMM notice that the MMM meeting is attorney based

*R.S.*

6. Email from non-affiated attny who always received the communication from SLS in the DMM. The non-affiated attorney forwarded the notice to me. The denied notice was the only notice I received from the DMM." Yahoo Mail - Re_ DMM Portal Notification - Decision Reported – Denied."

Please. I need the time in the interest of Justice for my creditors (SBA, City of Plantation & BNYM)

*[signature]*

Sincerely

PRO SE

Ralph Levi Sanders

561 SW 60th ave

Plantation, Fl. 33317

754.801.7097