[Type here]  Ralph L. Sanders  Case 19-bk-24331-PDR

## Motion for Notification of additional assets, Small Bussiness Administration (Creditor) is assigning someone to my Bankruptcy case and part of the objection to Mr. Stewart's motion.

Dear Honorable Judge Peter D. Russin

**UNITED STATES BANKRUPTCY COURT**

United States Courthouse 299 E. Broward Blvd.

Courtroom: 301 / Chambers: Room 303

Fort Lauderdale, FL 33301

Bankruptcy Case 19-bk-24331-PDR                   Date: April 27, 2021

Your Honor

The following is to serve two purposes.

1. Inform trustee with a full writeup later today of the assets once SBA gets back to me

2. SMALL BUSINESS ADMINISTRATION: May have Title Insurance policy and lawyers who seem to enjoy collecting Title Insurance. SBA Loan Number: 1877566003.

Main

[Type here]                          Ralph L. Sanders                          Case 19-bk-24331-PDR

1. I have six additional NEW assets due to the recent discovery of the issues this month (April) month. I received a full copy of my buyer title insurance yesterday (April 26, 2021). On Thursday, April 22, 2021, I picked the copies of permits that I was missing from The City of Plantation microfilm department. This is to be part of my Objection to Mr. Strewart motion to move the asset out of Bankruptcy protection

   a. Two Title Insurance policies

      i. Buyers Title Insurance policy: value $292,000 See attached

      ii. Lenders (BNYM/WF) Title Insurance policy: Value $313,00 that I paid $2,080

   b. Title Defects. Physical, non-curable except with a bulldozer

      i. Setback/Lot line violation: Documentation 1959 Land Platt. 1962 survey after the home was completed with a 15 ft wide canal with a 20-foot easement. House was not kosher. Records from the City of Plantation microfilm department showing in 1974, the drainage ditch was still 15 feet wide. In a 2004 survey, when I bought the house, it reflected that I was 14 feet away

from the Eastmanwhen I should have been 20 feet away; there are no variances for myself. There are additional details (statutes, case law, and emails) that I'll file the rest of it by this afternoon.

ii. There are two additions done to the house without permit one of them is the front of the house the flat roof section they were permits in 1974 for the back pool area shelter, external bathroom only access from the outside other house and additional electrical work that's it the rest of the permits until 2004/2005 was roofing

iii. The sixth asset may be the drainage ditch issue. I need to find more case law to uphold my opinion. The land beneath the water is the property owner such that I have ten feet and neighbor on other side has ten feet, BUT the Old Plantation Water Control District has superior rights, the homeowners are just the collateral damage

2. One thing I am curious about is BNYM does have a title attorney assign to my bankruptcy case. I wonder why he didn't correct me

when I was thinking & emailing all parties that it was a homeowners insurance claim. How I got that opinion was a GC was giving me quotes on repairs my house, and one of the GC's notice the lot line/setback issue and informed me to file an insurance claim on the issue along with three other issues he had found with the house

My property violates' city code is based on 1964, 2004, 2005, 2021 City of Plantation. The construction of the homes is required to follow the platted map, which includes plans for a 20-foot wide easement. Instead, the builder went with the existing drainage waterway that was 15 feet wide

Per the 2004/2005 zoning code, the property is in violation.

In the following case law, the defects would have to be bulldozed Owner bedroom/bathroom removed; secondly, the elevation of the house (old section) is below the base elevation

The above title is in addition to the homeowner insurance issues.

Attorneys

Timmy Kingcade is willing to take on the case, but he does not handle Chapter 13 cases in Broward

Charles Barron: He had helped me with the Finnish social benefits when Social Security said to go to Fiins pension program directly. He is looking at being a lawyer herder for a fee.

447 So. 2d 427 (Fla. Dist. Ct. App. 1984) Cited 12 times

In CMEI, Inc. v. American Title Ins. Co. (Fla. Dist. Ct. App. 1984) 447 So.2d 427, an insured mortgagee who had acquired title to the secured property by foreclosure made a title insurance claim regarding an undisclosed defect in title. " title defects in claims may exist which reduce the market value of the security property (the value to the owner) yet result in no loss or damage to the insured mortgagee because the effect of the title problems does not reduce the value of security property below the amount of indebtedness secured or because the indebtedness is otherwise secured or paid."

[Type here]  Ralph L. Sanders  Case 19-bk-24331-PDR

## 1964 City of Plantation Building code

a. (b) Where the rear of a lot in a single-family residential district abuts a public or private canal, lake, or waterway right-of-way of less than seventy (70) feet in width, the depth of the required rear yard setback may be reduced in accordance with the following schedule:

| Average lot depth | Minimum rear yard setbacks |
|---|---|
| 100' | 10% of net depth of lot |
| 100' to 105' | 11% of net depth of lot |
| 105' to 110' | 12% of net depth of lot |
| 110' to 115' | 13% of net depth of lot |
| 115' to 120' | 15% of net depth of lot |
| 120' or over | 20 feet |

**RPTE FL-CLE 4-1** *(Approx. 292 pages)*

. **"The invalidity or unenforceability of any assignment of the insured mortgage, "**

" Generally, title insurance operates to protect a purchaser or mortgagee against defects in or encumbrances on title which are in existence at the time the insured takes title. *National Mortgage Corporation v. American Title Insurance Company,* ,                    (1980). Title insurance is unique in that it is retrospective, not prospective. *Van Arsdale v. Metropolitan Title Guaranty Co.,* ,

(Dist. Ct. 1980).

The risks of title insurance end where the risks of other kinds begin. Title insurance, instead of protecting the insured against matters that may arise during a stated period after the issuance of the policy, is designed to save him harmless from any loss through **defects,** liens, or encumbrances that may affect or burden his title when he takes it."



Ralph Sanders <ralph.l.sanders@gmail.com>

## Title policy and survey
4 messages

**Debby Watarz** <debby@allcountytitleservices.com>　　　　　　　　　　Mon, Apr 26, 2021 at 9:52 AM
To: ralph.l.sanders@gmail.com

Ralph,

Please see attached.

Please confirm receipt by reply email.

Debby

**Deborah Watarz**

**All County Title Services, Inc.**

**Schilian & Watarz, P.A.**

(561) 994-8844

Fax: (561) 994-8864

AVG. This email has been checked for viruses by AVG antivirus software.

📎 20210426094722848.pdf
　　274K

**Ralph Sanders** <ralph.l.sanders@gmail.com>　　　　　　　　　　Mon, Apr 26, 2021 at 10:09 AM
To: Debby Watarz <debby@allcountytitleservices.com>

Thank you, Debby

1/5



# OWNER'S POLICY OF TITLE INSURANCE

Issued by **Lawyers Title Insurance Corporation**



Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.

**POLICY NUMBER**
A81-0134096

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company also will pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Attest: *[signature]* Secretary



By: *[signature]* President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.
4. Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws that is based on:
   (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
     (i) to timely record the instrument of transfer; or
     (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

3/5

## Lawyers Title Insurance Corporation
*OWNER'S POLICY*
### Schedule A

Policy No.: a81-134096

Agent's File Reference: 04-204Sanders

Effective Date: May 12, 2004, or the date and time of recording of the insured deed, whichever is later.

Amount of Insurance: $292,000.00

1. Name of Insured: Ralph Sanders

2. The estate or interest in the land described herein and which is covered by this policy is a fee simple (if other, specify same) and is at the effective date hereof vested in the named insured as shown by the instrument to be recorded.

3. The land referred to in this policy is described as follows:

   Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida; said lands situate, lying and being in Broward County, Florida.

4. The land described herein is encumbered by the following mortgage and assignments, if any.

   Mortgage in the sum of $232,000.00 from Ralph Sanders to Chase Manhattan Mortgage Corporation dated May 12, 2004, to be recorded in the Public Records of Broward County, Florida.

Agent No.: 12-40279

Issuing Agent:

All County Title Services, Inc.
2499 Glades Road, Suite 112
Boca Raton, FL 33431

Agent's Signature

Form OPM-SCH. A
(rev. 1/98)

DoubleTime®



## Lawyers Title Insurance Corporation
*OWNER'S POLICY*
### Schedule B

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.
2. Rights or claims of parties in possession not shown by the public records.
3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.
4. Easements or claims of easements not shown by the public records.
5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.
7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.
8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.
9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

Form OPM-SCH. B
(rev. 5/94)

DoubleTime®  5/5