Revised                              Ralph L. Sanders                        Case 19-bk-24331-PDR

**Objection to Mr. Stewart's motion to remove my home from Stay Protection**

**Dear Honorable Judge Peter D.  Russin**

**UNITED STATES BANKRUPTCY COURT**

**United States Courthouse 299 E. Broward Blvd.**

**Courtroom: 301 / Chambers: Room 303**

**Fort Lauderdale, FL 33301**

Bankruptcy Case 19-bk-24331-PDR                          Date: April 30, 2021

Your Honor

Small Business Administration was surprised when one of their clients called them to out if they use Title Insurance on their loans such as mine. Mr. Stewart's proposal to remove my home from Bankruptcy protection does not help anyone, including his firm.  After I found the Title Insurance for the amounts of $292,000, my home, and $313,000 for Mr. Stewart, the path and schedule became considerably shorter to pay off my creditors and build a new home for the future family living here by using the proceeds from the homeowners' insurance.

Revised                         Ralph L. Sanders                    Case 19-bk-24331-PDR

The time window to get the homeowner insurance proceeds is running

close, to being closed.

The logic that is being used to evict someone seems. appeal

**Knowledge of Falsity**

The specific act that constitutes the crime of perjury is not the false statement itself but rather the oath or affirmation that the statement is true.

Most perjury statutes require proof that a person acted with knowledge of the falsity of the statement. The federal statute requires that a person acted "willfully," while Ohio's statute says the person must have acted "knowingly." Defendants may claim that they believed the statement to be true and that they, therefore, did not have the required mental state.

Even Mr. Stewart, a creditor, is suggesting staying until May 31, 2021. I

have until May 31, 2021, to come up with the money per creditor.



The following attorney has joined in to help guide me to attorneys.

 P.A. Charles M. Baron

Re: Any update from Mr. Roher

 **Charles M. Baron, P.A.**
ra ph sanders

No and there be no reason for him to call me. By the way if you can't hook up with him or you are not comfortable with him I can give you other names. But first give him a reasonable amount of time to get back to you.

Charles M. Baron, Esq.
Charles M. Baron, P.A.
2514 Hollywood Blvd.
Suite 408
Hollywood, FL 33020
Tel. (954) 918-8608 or (305) 933-9292
Fax 305-933-9992
Litigation Attorney, Certified Circuit Mediator,
Florida Supreme Court Qualified Arbitrator

CONFIDENTIAL NOTICE: This message, together with any attachments, is intended only for the addressee. It may contain information which is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use, or any action on reliance on this communication is strictly prohibited. If you have received this

The following will be in your court on Monday. Another new lanague to learn about.

## <u>MOTION FOR VIOLATION OF AUTOMATIC STAY</u>

## <u>AND FOR CREDITOR(S) MISCONDUCT</u>

Comes now the Debtor Ralph L Sanders at this moment files this Motion of Violation of Automatic Stay, Creditors Misconduct

1.    Plaintiff filed his Chapter 13 case on **Date filed:** 10/25/2019 : (Doc # 1) **Plan confirmed:** 05/21/2020 (Doc # 75)

2       The real property at issue in this motion is located at 561 SW AVE., Plantation, Fl. 33317

3.      May of 2004 the planitiff purchased a home at 561 SW 60th Ave., Plantation, Fl. 33317 with Chase mortgage, the closing statement had a Buyers TItle Insurance which is design to protect me and my family against any defects with our home that may be uncovered in the fair house defects include anywhere from title unknown leans to physical defects that can be seen with a survey. The buyers title insurance protects the home up to the value of the mortgage which in my case was $292,000.

4.      April 2005 the Debtor refinanced his home with Wells Fargo The mortgage contract stated that I had purchased Lenders Title Insurance for the protection of Wells Fargo issues. I am the owner of the Lenders Title Insurance policy. The payout of the Lenders Title Insurance is $313,000

5.      Both the the buyers title insurance policy and the lenders title insurance policy cover the same areas of damages depending on the policy options.

6.      Both Title Insurance Policies were purchased by the Debtor

7.      Both Title Insurance Policies are the property of the Debtor

Revised                          Ralph L. Sanders                    Case 19-bk-24331-PDR

*****************************************************************************

Sincerely

PRO SE

Ralph Levi Sanders

561 SW 60th ave