Dear Honorable Judge Peter D. Russin

**UNITED STATES BANKRUPTCY COURT**

United States Courthouse 299 E. Broward Blvd.

Courtroom: 301 / Chambers: Room 303

Fort Lauderdale, FL 33301

Bankruptcy Case 19-bk-24331-PDR                              Date: May 3, 2021

## NOTIFICATION OF SEC WHISTLEBLOWER

### For the court only notification

Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

Cell 754.801.7097

*[signature]*



U.S. Securities and
Exchange Commission

🖨 Print

# Submission Number:  was submitted successfully on

Thank you for contacting the United States Securities and Exchange Commission. This automated response confirms that your submission has been received successfully. We are always interested in hearing from the public, and your submission will be given careful consideration in view of the Commission's overall responsibilities under the federal securities laws. Please note, however, that it is the Commission's policy to conduct its investigations on a non-public basis in order to preserve the integrity of its investigative process. Subject to the provisions of the Freedom of Information Act, we cannot disclose to you any information which we may gather, nor can we confirm the existence or non-existence of an investigation, unless such information is made a matter of public record in proceedings brought before the Commission or the courts. Therefore, this may be the only response that you receive. If you want to learn more about how the Commission handles inquiries or complaints, please visit http://www.sec.gov/complaint/info_tipscomplaint.shtml.

## What is your complaint about?

✓ **Please select the option that best describes your complaint.**

Material misstatement or omission in a company's public filings or financial statements, or a failure to file

✓ **Please select the specific category that best describes your complaint.**

Corporate governance

✓ **In your own words, describe the conduct or situation you are complaining about.**

Artificial high asset value (2x) using Broker Price Opinion. The new Robo valuation in my case is double what the licensed appraisers provided to me in 2011, 2014, 2015, and 2019. The appraised value from 2011-2015 was $190K. In 2019, the value rose to $220k then damages occurred. Damages were at $200k to the building. Specialized Loan Servicers (SLS) and Bank New York Mellon(BNYM) put the BPO value of BNYM assets at $460K. They submitted the BPO to Bankruptcy court, Case 19-BK-24331-PDR in Bankruptcy Court of Southern Florida. In late Nov 2020, I had informed the Trustees of my intention by email. I had also called the SEC tip line for information and one of your agents left me a voice mail. My Phone # is 754.801.7097. I have brought the issue by email to SLS, BNYM, and their lawyers. To be fleshed more about the massive hiring binge that SLS is doing of BPO people as compared to Appraisers.

✓ **Are you having or have you had difficulty getting access to your funds or securities?**

Unknown

✓ **Did you suffer a loss?**

Yes

✓ **Enter amount of loss to nearest dollar without characters (e.g., 15000, not $15,000.00).**

740000

✓ **When did you become aware of the conduct? (mm/dd/yyyy)**

11/20/2020

✓ **When did the conduct begin? (mm/dd/yyyy)**

10/10/2019

✓ **Is the conduct ongoing?**

Yes

✓ **Has the individual or firm acknowledged the conduct?**

Unknown

✓ **How did you learn about the conduct? You may select more than one answer.**

Conversations; Internal business documents; Publicly available information; Social media (e.g., Facebook, Twitter, blogs, chat rooms, and electronic communities of interest)

✓ **Have you taken any action regarding your complaint? You may select more than one answer.**

Complained to firm; Complained to other

✓ **Provide details.**

Lots of emails faxes and phone calls

I had also brought up the issue by email regarding Corp. Governance issue to my bankruptcy court Trustee in case ID 19-BK-24331. Trustee attorneys (Matt) replied by they cannot help me due to conflict but here is the link to the BK court forms

I had called the SEC regarding how to submit. a tip in Nov. 2020. I had not gone into detail. There was a call back to my cellphone with a voice message (754.801.7097)

## Who are you complaining about?

| Subject Name | Type |
|---|---|
| Compu Share | Firm |
| BNY MELLON SECURITIES CORP... | Firm |
|  | Person |
| Lea, Natalie | Person |

## Which investment products are involved?

✓ **Select the type of product involved in your complaint.**

Banking and consumer finance products

✓ **Please select the category that best describes the security product.**

Traditional Mortgages

## About you

✓ **Are you filing this tip under the SEC's whistleblower program?**

Yes

✓ **Are you an attorney filling out this form on behalf of an anonymous whistleblower client who is seeking an award?**

No

✓ **First Name**

Ralph

✓ **Middle Name**

Levi

✓ **Last Name**

Sanders

✓ **Street Address**

561 SW 60th ave

✓ **Zip / Postal Code**

33317

✓ **City**

FORT LAUDERDALE

✓ **State / Province**

FL

✓ **Country**

US

✓ **Mobile Telephone**

1-754-801-7097

✓ **Email Address**

Ralph.L.Sanders@gmail.com

✓ **What is the best way to reach you?**

Email

✓ **Select the profession that best represents you.**

Other

✓ **For Other, please specify.**

15 year banking law experience in 11 different countries

✓ **Have you reported the matter at issue in this submission to your supervisor, compliance office, whistleblower hotline, ombudsman, or any other available mechanism for reporting possible violations at any entity you are complaining about?**

No

✓ **Were you retaliated against for reporting the matter at issue in this submission either internally at the entity or to a regulator?**

Yes

✓ **Are documents or other information being submitted that could potentially identify the whistleblower?**

Yes

✓ **Identify with particularity any documents or other information in your submission that you believe could reasonably be expected to reveal your identity.**

Emails, Faxes, Court records, Govt Agency (Insurance Commission) etc.....

✓ **Does the whistleblower want to be eligible to apply for a whistleblower award?**

Yes

✓ 1. Are you, or were you at the time you acquired the original information you are submitting to us, a member, officer or employee of the Department of Justice; the Securities and Exchange Commission; the Comptroller of the Currency; the Board of Governors of the Federal Reserve System; the Federal Deposit Insurance Corporation; the Office of Thrift Supervision; the Public Company Accounting Oversight Board; any law enforcement organization; or any national securities exchange, registered securities association, registered clearing agency, or the Municipal Securities Rulemaking Board?

No

✓ 2. Are you, or were you at the time you acquired the original information you are submitting to us, a member, officer, or employee of a foreign government, any political subdivision, department, agency, or instrumentality of a foreign government, or any other foreign financial regulatory authority as that term is defined in Section 3(a)(52) of the Securities Exchange Act of 1934 (15 U.S.C. Section 78c(a)(52))?

No

✓ 3. Did you acquire the information being submitted to us through the performance of an engagement required under the federal securities laws by an independent public accountant?

No

✓ 4. Are you providing this information pursuant to a cooperation agreement with the SEC or another agency or organization?

No

✓ 5. Are you a spouse, parent, child, or sibling of a member or employee of the SEC, or do you reside in the same household as a member or employee of the SEC?

No

✓ 6. Have you or anyone representing you received any request, inquiry or demand that relates to the subject matter of your submission (i) from the SEC; (ii) in connection with an investigation, inspection or examination by the Public Company Accounting Oversight Board, or any self-regulatory organization; or (iii) in connection with an investigation by Congress, any other authority of the federal government, or a state Attorney General or securities regulatory authority?

No

✓ 7. Are you currently a subject or target of a criminal investigation, or have you been convicted of a criminal violation, in connection with the information you are submitting to the SEC?

No

✓ 8. Did you acquire the information being provided to us from any person described in Questions 1 through 7?

No

✓ I declare under penalty of perjury under the laws of the United States that the information contained herein is true, correct and complete to the best of my knowledge, information, and belief. I fully understand that I may be subject to prosecution and ineligible for a whistleblower award if, in my submission of information, my other dealings with the SEC, or my dealings with another authority in connection with a related action, I knowingly and willfully make any false, fictitious, or fraudulent statements or representations, or use any false writing or document knowing that the writing or document contains any false, fictitious, or fraudulent statement or entry.

Agree

## Uploaded Documents

| Document Name | Size | Actions |
| --- | --- | --- |

PAGE 5 IS MISSING ON PURPOSE

Re: 2020-09187

From: ralph sanders (ralph_l_sanders@yahoo.com)

To: jnoufer@bcpa.net

Date: Wednesday, February 17, 2021, 02:14 PM EST

It seems to me that the method being used for valuation is not an appraisal but a Broker Price Opinion with just driveby photos esp with $200k of damages to the building already presented. I already fought 2 driveby appraisals and won.

Side note, I am SEC & IRS whistleblower based on the Sarbanes-Oxley act. Once the sanctions reach $1M (SEC) and $500k (IRS) I get 10-30% of the sanctions. I am slightly familiar with BPO vs asset valuation.

# The Enron Scandal That Prompted the Sarbanes-Oxley Act



•••
**BY ROSEMARY CARLSON** | Updated November 16, 2019

The Sarbanes-Oxley Act is a federal law that enacted a comprehensive reform of business financial practices. The 2002 Sarbanes-Oxley Act aims at publicly held corporations, their internal

financial controls, and their financial reporting audit procedures as performed by external auditing firms.

The act was passed in response to a number of corporate accounting scandals that occurred in the 2000–2002 period. This act, put into place in response to widespread fraud at Enron and other companies, set new standards for public accounting firms, corporate management, and <u>corporate boards of directors.</u>

Regards
Ralph L. Sanders


On Wednesday, February 17, 2021, 01:12:02 PM EST, ralph sanders <ralph_l_sanders@yahoo.com> wrote:

K
I looks like the valuation is based on Broker Price Opinion instead of licensed appraisal valuation. I have the licensed appraisal

I will call Mr. Mackenie.
I am not looking to reduce my tax bill but to help with ligation against my homeowners' insurance company. example. If 80% or higher of the building value is the cost of repairs, then rebuild, If 20% or higher of the rafters have to removed, then rebuild, If part of the building has a lot line issue (owners bedroom) either ask for a variance or knock it down including the rafters.
If the Finished Floor Foundation is below BFE, bulldozer & complete rebuild.

Note, the recipients of the attached email are the Loan Servicing Company, Specialized Loan Servicing (SLS); the Law firm of SLS and the 3rd law firm represents the Bank New York Mellon.

I am looking to rebuild this house for the next family to live here. I already have quotes (dated from mid-2020).
I have not yet hired the engineering firm mention in the email


Regards

Ralph L. Sanders

561 SW 60th ave

On Wednesday, February 17, 2021, 07:47:50 AM EST, Jennifer Noufer <jnoufer@bcpa.net> wrote:

Please call Anthony MacKenzie (number below) the coordinator to discuss. Thanks!

**Anthony MacKenzie, Jr. CFE**

Residential Appeals Coordinator

**Office of Marty Kiar Broward County Property Appraiser**

115 S. Andrews Ave, Room 111 Ft. Lauderdale, FL 33301

**P** 954-357-7045 |



Jennifer Noufer

Executive Assistant II

**Office of Marty Kiar Broward County Property Appraiser**

115 S. Andrews Ave, Room 111 Ft. Lauderdale, FL 33301

**P** 954-357-5429 | **E** jnoufer@bcpa.net | www.bcpa.net

Follow our office at http://www.facebook.com/MartyKiarBCPA

and http://www.twitter.com/MartyKiarBCPA

**From:** ralph sanders [mailto:ralph_l_sanders@yahoo.com]
**Sent:** Monday, February 15, 2021 8:03 PM
**To:** Jennifer Noufer <jnoufer@bcpa.net>
**Subject:** Re: 2020-09187

Hi

I have called a couple of times regarding the evidence the BCPA is presenting. The BCPA evidence only provides a total valuation of my home. There is no breakdown of the land value nor the building value. Just a lump sum figure. How can there be any discussion with those two valuations missing?

Regards

Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

On Wednesday, February 10, 2021, 10:34:31 AM EST, Jennifer Noufer <jnoufer@bcpa.net> wrote:

The Property Appraiser's evidence is available to view on the Value Adjustment Board's web site at https://bcvab.broward.org/AxiaWeb2020/Default.aspx. The transaction # and password for the web site are listed on your petition receipt.

If you do not have this information, please contact the Value Adjustment Board (VAB) at 954-357-5367, or 954-357-7205.

P.S. There is no need to respond to this e-mail.



**Jennifer Noufer**

Executive Assistant II

Office of Marty Kiar Broward County Property Appraiser

115 S. Andrews Ave, Room 111 Ft. Lauderdale, FL 33301

**P** 954-357-5429 | **E** jnoufer@bcpa.net | www.bcpa.net

Follow our office at http://www.facebook.com/MartyKiarBCPA

and http://www.twitter.com/MartyKiarBCPA

# Office of the Whistleblower

## Whistleblower Protections

- Protections Against Retaliation
- Protections Against Actions Taken to Impede Reporting
- Frequently Asked Questions
- SEC Enforcement Actions
- Whistleblower Protection News
- Internal Reporting Amicus Briefs

### Protections Against Retaliation

The Dodd-Frank Wall Street Reform and Consumer Protection Act expanded the protections for whistleblowers and broadened the prohibitions against retaliation. Following the passage of Dodd-Frank, the SEC implemented rules that enabled the SEC to take legal action against employers who have retaliated against whistleblowers. This generally means that employers may not discharge, demote, suspend, harass, or in any way discriminate against an employee in the terms and conditions of employment who has reported conduct to the Commission that the employee reasonably believed violated the federal securities laws.

Recent amendments to the whistleblower program's rules also require individuals to report information about possible securities laws violations to the Commission "in writing" before experiencing retaliation to qualify for the retaliation protection under Section 21F.

Dodd-Frank also created a private right of action that gives whistleblowers the right to file a retaliation complaint in federal court. This means that if you are a whistleblower who has reported a possible securities law violation to the Commission in writing and believe you have been retaliated against because of your report, you may be able to sue your employer in federal court and seek double back pay (with interest), reinstatement, reasonable attorneys' fees, and reimbursement for certain costs in connection with the litigation.

You can find more information about the Dodd-Frank whistleblower protections, including the time period by which a whistleblower must file a private action in federal court, in Section 922 of the Dodd-Frank Act.

### Protections Against Actions Taken to Impede Reporting

In addition to protecting whistleblowers who have reported possible securities law violations from retaliation, Commission Rule 21F-17(a) prohibits any person from taking any action to prevent you from contacting the SEC directly to report a possible securities law violation. The Rule states "[n]o person may take action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement…with respect to such communications."

Unlike the anti-retaliation protections, the protections against actions taken to impede reporting possible securities law violations are not limited to the employee-employer context. Only the SEC, however, may file an enforcement action for a violation of Rule 21F-17(a).

Please let us know by submitting a tip if you believe that someone has taken any action to prevent you from communicating with the SEC concerning a possible securities law violation.

# Frequently Asked Questions

The answers to these frequently asked questions represent the views of the staff of the Office of the Whistleblower. They are not rules, regulations or statements of the Securities and Exchange Commission. Further, the Commission has neither approved nor disapproved them. These FAQs provide short general summaries of certain key features of the SEC Whistleblower Program and do not purport to be a complete or comprehensive discussion of all of its provisions. For detailed information about the program, including eligibility requirements and certain limitations that apply, please see Section 922 of the Dodd-Frank Wall Street Reform and Consumer Protection Act and the Amended Rules implementing the program.

1. **What rights do I have if my employer fires me or retaliates against me for submitting information to the SEC?**

You may bring an action in federal court within a certain time period if your employer violates the anti-retaliation provisions of Dodd-Frank. If you are successful in court, you may be entitled to reinstatement, double back pay, litigation costs, expert witness fees, and attorneys' fees.

The anti-retaliation protections generally apply to employees who report information regarding possible violations of the federal securities laws. Among other things, these protections provide that an employer may not discharge, demote, suspend, threaten, harass, or in any way discriminate against a whistleblower in the terms or conditions of employment for:

- Providing information to the SEC under the whistleblower program, or
- Initiating, testifying in, or assisting the SEC in any investigation or proceeding

In addition, the SEC may also bring an enforcement action against a company that violates the anti-retaliation provisions of Dodd-Frank.

You may also be able to file a retaliation complaint in federal court under Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"). You can find information about your rights and protections under SOX on the Department of Labor's whistleblower website.

2. **I'm considering reporting internally to my company. Will I still be eligible for the anti-retaliation protections under Dodd-Frank?**

With the passage of Dodd-Frank, Congress amended the Exchange Act to add Section 21F, which established a series of new incentives and protections for individuals to report possible violations of the federal securities laws, including enhanced employment retaliation protections.

On February 21, 2018, the United States Supreme Court issued an opinion in *Digital Realty Trust, Inc. v. Somers* stating that the Dodd-Frank anti-retaliation provisions only extend to those persons who provide information relating to a violation of the securities laws to the SEC. In September 2020, the Commission adopted amendments to the rule governing the whistleblower program that included a new definition of "whistleblower" to conform to the Supreme Court's holding in Digital Realty. For purposes of retaliation protection, an individual is required to have reported information about possible securities laws violations to the Commission "in writing" before experiencing the retaliation. To understand how this may affect you, we encourage you to consult with an attorney.

If you choose to report a possible securities law violation internally to your company, you also can report that information directly to the SEC either before or at the same time as reporting internally. If you have already reported to the company, you can still report to the Commission now.

Regardless of whether the anti-retaliation protections extend to you, you may remain eligible for an award under our whistleblower award program. We encourage you to provide information about potential securities law violations to the SEC by submitting a tip. To be eligible for an award, you must a Form TCR within 30 days of submitting your information or within 30 days of learning of the TCR filing requirement. If you are represented by counsel, you are on constructive notice of the TCR filing requirement.

### 3. What if I am asked to sign an agreement that prevents me from reporting my concerns directly to the SEC?

Such an agreement may violate the federal securities laws. Rule 21F-17(a) provides that "[n]o person may take any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing or threatening to enforce a confidentiality agreement…with respect to such communications."

If you have been asked to sign such an agreement, or have already signed such an agreement, and want to understand how the rules may apply to you, we encourage you to consult with an attorney. You may also send us a copy of your agreement, if you so choose, by submitting it as a tip either through our online portal or by mail or fax.

### 4. Do the anti-retaliation protections apply overseas?

Dodd-Frank does not specifically state whether, or to what extent, the anti-retaliation protections apply to individuals or conduct outside of the United States. To understand if the anti-retaliation protections may apply to you, we encourage you to consult with an attorney. We encourage you to submit a tip to the SEC if you believe you have been retaliated against for reporting potential securities law violations even if the retaliation occurred outside of the United States.

Regardless of whether the Dodd-Frank anti-retaliation protections extend to you, you may remain eligible for an award under our whistleblower award program. You do not need to reside or work in the United States to be eligible for an award under our whistleblower award program.

## SEC Enforcement Actions

The SEC has brought a number of actions based on both retaliatory conduct, as well as actions taken to impede reporting.

**Enforcement Actions Based on Retaliatory Conduct**

SEC v. GPB Capital Holdings, LLC, et al., **21-cv-00583 (E.D.N.Y., filed February 4, 2021)**

In the Matter of SandRidge Energy, Inc., **File No. 3-17739 (December 20, 2016)**

In the Matter of International Game Technology, **File No. 3-17596 (September 29, 2016)**

In the Matter of Paradigm Capital Management, Inc. and Candace King Weir, **File No. 3-15930 (June 16, 2014)**

**Enforcement Actions Based on Actions Taken to Impede Reporting**

SEC v. GPB Capital Holdings, LLC, et al., **21-cv-00583 (E.D.N.Y., filed February 4, 2021)**

SEC v. Leon Vaccarelli, et al., **17-cv-01471 (D. Conn., filed Aug. 31, 2017)**

SEC v. Collector's Coffee, Inc. (d/b/a Collectors Cafe), and Mykalai Kontilai, **19-cv-04355 (November 4, 2019)**

SEC v. Kenneth W. Crumbley, **16-cv-00172 (N.D. Tex.)(September 13, 2018)**

In the Matter of Homestreet, Inc. and Darrell Van Amen, **File No. 3-17801 (January 19, 2017)**

In the Matter of Blackrock, Inc., **File No. 3-17786 (January 17, 2017)**

In the Matter of SandRidge Energy, Inc., **File No. 3-17739 (December 20, 2016)**

In the Matter of NeuStar, Inc., **File No. 3-17736 (December 19, 2016)**

In the Matter of Anheuser-Busch InBev SA/NV, **File No. 3-17586 (September 28, 2016)**

In the Matter of Health Net, Inc., **File No. 3-17396 (August 16, 2016)**

In the Matter of BlueLinx Holdings Inc., **File No. 3-17371 (August 10, 2016)**

In the Matter of Merrill Lynch, Pierce, Fenner & Smith Incorporated and Merrill Lynch Professional Clearing Corp., **File No. 3-17312 (June 23, 2016)**

In the Matter of KBR, Inc., **File No. 3-16466 (April 1, 2015)**

## Retaliation News

SEC Charges Investment Adviser and Others With Defrauding Over 17,000 Retail Investors **(2/4/2021)**

SEC Charges Issuer and CEO with Violating Whistleblower Protection Laws to Silence Investor Complaints **(11/4/2019)**

Financial Company Charged with Improper Accounting and Impeding Whistleblowers **(1/19/17)**

Blackrock Charged with Removing Whistleblower Incentives in Separation Agreements (1/17/17)

Company Settles Charges in Whistleblower Retaliation Case **(12/20/16)**

Company Violated Rule Aimed at Protecting Potential Whistleblowers **(12/19/16)**

Risk Alert: Examining Whistleblower Rule Compliance **(10/24/2016)**

SEC: Casino-Gaming Company Retaliated Against Whistleblower **(9/29/16)**

SEC Charges Anheuser-Busch InBev With Violating FCPA and Whistleblower Protection Laws **(9/28/16)**

Company Punished for Severance Agreements That Removed Financial Incentives for Whistleblowing **(8/16/16)**

Company Paying Penalty for Violating Key Whistleblower Protection Rule **(8/10/16)**

Merrill Lynch to Pay $415 Million for Misusing Customer Cash and Putting Customer Securities at Risk **(6/23/16)**

SEC Announces Award to Whistleblower in First Retaliation Case **(4/28/15)**

SEC: Companies Cannot Stifle Whistleblowers in Confidentiality Agreements **(4/1/15)**

SEC Charges Hedge Fund Adviser With Conducting Conflicted Transactions and Retaliating Against Whistleblower **(6/16/14)**

Statement on Court Filing by SEC to Protect Whistleblowers From Retaliation **(2/20/14)**

# Have Questions?

**OWB Hotline**

**202-551-4790**

We are here to answer your questions.

# Resources

Dodd-Frank Act

Whistleblower Amended Rules

OCIE Risk Alert

 Submit a Tip

*Modified: Feb. 9, 2021*