**Dear Honorable Judge Peter D. Russin**

**UNITED STATES BANKRUPTCY COURT**

**United States Courthouse 299 E. Broward Blvd.**

**Courtroom: 301 / Chambers: Room 303**

**Fort Lauderdale, FL 33301**

Bankruptcy Case 19-bk-24331-PDR                     Date: May 2, 2021



## DEBTOR'S EMERGENCY MOTION FOR VIOLATION OF AUTOMATIC STAY AND CREDITOR(S) MISCONDUCT AGAINST DEFENDANTS Bank New York Mellon, Specialized Loan Servicing, and Wells Fargo (per payoff offer that I accepted)

Comes now the Debtor Ralph L Sanders at this moment files this Motion of Violation of Automatic Stay, Creditors Misconduct

1. Plaintiff filed his Chapter 13 case on **Date filed:** 10/25/2019 : (Doc # 1) **Plan confirmed:** 05/21/2020 (Doc # 75)

2. The real property at issue in this Motion is located at 561 SW AVE., Plantation, Fl. 33317

3. May of 2004, the plaintiff purchased a home at 561 SW 60th Ave., Plantation, Fl. 33317 with Chase mortgage; the closing statement had a Buyers Title Insurance, which is design to protect the owners' investment from defects uncovered. The house defects include anywhere from unknown liens to physical defects such as lot line/setback issues seen with a survey. The buyers' title insurance protects the home up to the value of the mortgage, which was $292,000. The name of the insurance company is Lawyer's Title. The policy is still valid, and the homeowner has not committed any acts that would invalidate the policy.

4. April 2005, the Debtor refinanced his home with Wells Fargo The mortgage contract stated that I had purchased a Lenders Title Insurance for the protection of Wells Fargo issues. I am the owner of the Lenders Title Insurance policy. The payout of the Lenders Title Insurance is $313,000

5. Both the buyers' title insurance policy and the lenders' title insurance policy cover the same areas of damages depending on the policy options.

6. Both Title Insurance Policies for the life of the owner

7. Both Title Insurance Policies were purchased by the Debtor

8. Both Title Insurance Policies are the property of the Debtor

## I. BASIS OF EMERGENCY

This Motion seeks emergency relief

1. Debtor is enjoined by the automatic stay from creditor attempts to collect a debt, including having monies withheld to reimburse pay back the debt from payments due to Debtor without any prior authorization.

2. The filing of a bankruptcy petition effectuates automatic stay of all proceedings against the Debtor effective the Date the petition is filed, and actions are taken in violation of the stay are void, even if there is no actual notice of the stay. (Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas, 522 So.2d. 465 Fla.App. 4 Dist, 1988)

3. The total value of the Debtor's insurance assets tied to his home is $1,345,000 dollars.

4. The $313,000 is being held by one of the defendants instead of by the Trustee.

The Debtor's Insurance policies are critical to the Debtor's

reorganization as it is the Debtor's only asset of significant value. The replacement home to be constructed to have equity and designed for the future family with external in-law quarters

The Debtor seeks entry on an order, pursuant to 11 U.S.C. §§ 362(a), (k), and 105(a), and Federal Rules of Bankruptcy Procedure 9020 and 9014, holding the Defendants in civil contempt and award appropriate sanctions, including actual and punitive damages, due to the Defendants' violations of the automatic stay.

11 U.S.C. §§ 362(a) prohibits "any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate," and §l05(a) allows "[t]he courts [to] issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Eleventh Circuit Court of Appeals has held that bankruptcy courts may impose sanctions for violations of the automatic stay by their statutory civil contempt powers under section 105(a), which sanctions may include monetary and injunctive-type relief if warranted under the circumstances. *Jove Eng'g, Inc., v. IRS,* 92 F.3d 1539, 1554 (11th Cir. 1996) ("Therefore, we conclude §105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry

out the provisions of the Bankruptcy Code.").

The actions of the Defendants are intended to obtain possession of Debtor's Insurance Policies

Damages may be awarded for a violation of the automatic stay when the violation is "willful." *Id* at 1555. A violation of the automatic stay is "willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless whether the violator specifically intended to violate the stay." *Id.* In the present case, all Defendants are aware of the automatic stay

In the present case, punitive damages are also appropriate. "To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re WVF Acquisition, LLC*, 420 B.R. 902, 914 (Bankr. S.D. Fla. 2009) *citing In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987).

Decisions awarding punitive damages typically consider the following factors: (1) the nature of the violator's conduct; (2) the nature and extent of the harm to the Debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the Debtor. *Id.* In the present case, the violator's conduct is intended to misappropriate the Debtor's only valuable

assets. These actions, if allowed to continue, will make reorganization of the Debtor impossible and will further deprive every other creditor in this case of any recovery whatsoever. The only current harm to the Debtor is having to spend already limited resources on filing this Motion. If this conduct is allowed to continue, the harm to the Debtor is immense as it will lose the only valuable assets that it has, the reorganization will become impossible, and every other creditor, in this case, will be deprived of a recovery. The motive of the violators is to illegally bypass the Bankruptcy Court to keep hidden assets from the Debtor. These actions have been wholly unprovoked by the Debtor, and in fact, the Debtor has been trying to stave off these actions during the pendency of the bankruptcy proceedings. Under these circumstances, an award of punitive damages is appropriate.

## Summary

The Debtor's insurance policies are its only valuable asset, and retaining ownership and clear title to the property is necessary to ensure that creditors of the estate obtain a recovery on their claims. The Defendants' actions in attempting to misappropriate the assets of the Debtor are clear violations of the automatic stay that should not be tolerated by the Court. For the reasons stated in this Motion, the

Defendants should be found to be in civil contempt, and sanctions should be awarded including an award of punitive damages.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (1) finding that the Defendants are in violation of the automatic stay; (2) awarding appropriate sanctions, including the Court (a) ordering injunctive relief preventing any further actions to pursue an assignment of the Debtor's intellectual property, (b) awarding actual damages including sleep fees for bringing this Motion, and (c) awarding punitive damages; and (3) granting such other and further relief as the Court deems just and proper.

*[signature]*

Sincerely

PRO SE

Ralph Levi Sanders

561 SW 60th ave