

**ORDERED in the Southern District of Florida on June 17, 2021.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

In re:

Ralph Levi Sanders, Jr.,

    Debtor.

_____/

Case No. 19-24331-PDR

Chapter 13

### ORDER DENYING DEBTOR'S MOTION (DOC. 136)

This matter is before the Court on the *pro se* Debtor's *Motion* filed on June 1, 2021. (Doc. 136, the "Motion"). At hearing on June 1, 2021, the Court heard other matters in this case and discussed matters with the Debtor relevant to the contents of the Motion. *See* (Docs. 140–144). Upon review of the Motion, court file, and record, the Court finds and concludes as follows:

Ralph Levi Sanders, Jr. has a long history of filing bankruptcy cases. Since 2014, he has filed three chapter 13 cases – all three of which were dismissed prior to discharge. *See In re Sanders*, No. 18-12969-JKO, (Doc. 72) (Bankr. S.D. Fla. May 16,

2019) (dismissed for failure to make plan payments); *In re Sanders*, No. 17-19141-RBR, (Doc. 31) (Bankr. S.D. Fla. Nov. 30, 2017) (dismissed following denial of confirmation); *In re Sanders*, No. 14-12147-JKO, (Doc. 77) (Bankr. S.D. Fla. Jan. 30, 2017) (voluntarily dismissed after the Chapter 13 Trustee filed a motion to dismiss the case for failure to make plan payments).

On October 25, 2019, Sanders filed a chapter 13 petition initiating this case. (Doc. 1). In his expedited motion to continue the automatic stay filed the day after the Petition Date, Sanders contends that he filed the Petition to save his home (the "Property") and because he has a large pending homeowner's insurance claim that he could use to pay the arrearage on the mortgage on the Property. (Doc. 4).

Specialized Loan Servicing LLC ("SLS") acts as the servicing agent for the senior secured lienholder on the Property, the Bank of New York Mellon ("BNYM") (collectively, the "Mortgagee"). On March 18, 2020, the Court granted Sanders' motion to refer himself and the Mortgagee to Mortgage Modification Mediation ("MMM"). (Docs. 50; 59).

On May 4, 2020, the Court confirmed Sanders' Third Amended Chapter 13 Plan (the "Confirmed Plan"). (Docs. 68; 75). Under the Confirmed Plan, the Mortgagee was to receive monthly disbursements of $1,200.01. Further, the Confirmed Plan states that if the MMM process fails and no settlement is reached, the Debtor must, within 14 days of the entry of the Mediator's Final Report, amend or modify the Confirmed Plan to conform with the Mortgagee's proof of claim (without

limiting Sanders's rights to pursue the claim) or treat the Mortgagee outside the Confirmed Plan.

On June 19, 2020, over the objection of Sanders, the Court granted his counsel's motion to withdraw. (Docs. 77; 80–82; 85–86). Since then, Sanders has been proceeding *pro se*. Unfortunately, this has resulted in Sanders' filings and other statements made on the record to the Court difficult to understand. Despite these challenges, the Court has continued to carefully review and consider each of Sanders' filings and statements made to the Court.

On January 4, 2021, the Mediator filed a Final Report and indicated no agreement was reached. (Doc. 93). According to the Final Report, the MMM conference was scheduled for January 13, 2021, but would not be conducted because of Sanders's hostility toward the Mediator made continued interaction "infeasible." Sanders disputes the Mediator's conclusion in this regard.

On February 25, 2021, SLS filed a motion to compel Sanders to modify his Confirmed Plan by either conforming to the Mortgagee's proof of claim or treating it outside the Confirmed Plan (the "Motion to Compel"). (Doc. 101). The Court set the motion for hearing on April 5, 2021. (Doc. 102). However, the Debtor requested that the Court continue the hearing and filed a motion to access the DMM – the MMM system. (Docs. 104; 106). Based on the Debtor's assertions, the Court continued the hearing on the Motion to Compel to May 3, 2021. (Doc. 105).

On April 30, 2021, the business day prior to the hearing, Sanders filed an objection to the Motion to Compel. (Doc. 114). On the day of the hearing, Sanders

filed several other documents, including an emergency motion for sanctions, a notification of SEC Whistleblower, and a second objection to the Motion to Compel. (Docs. 116–118). At the hearing, the Court walked through the issues presented with Sanders, SLS, and the Chapter 13 Trustee. For the reasons stated on the record at the May 3, 2021, hearing, the Court granted the motion to compel and gave Sanders until June 1, 2021, to file a motion to modify and proposed modified plan. (Doc. 120). In addition, the Court continued all other relief to the June 1, 2021, hearing.

Prior to June 1, 2021, Sanders filed several additional motions. (Docs. 128; 131). On June 1, 2021, Sanders filed a slew of additional documents. (Docs. 136–139). Conspicuously absent from Sanders' documents was a motion to modify plan and a modified plan, which were Ordered to be filed with the Court by June 1, 2021. What was included, however, was this Motion, which Sanders self-titled as a "Motion for Notification of Creditor directly willing to help Debtor, Breach of Mortgage Note part of the objection to Mr. Stewart's motion. I.E. BAP and Overall Plan." (Doc. 136).

At the hearing on June 1, 2021, the Court denied five of Sanders' motions. (Docs. 140–144). Though the Motion was not specifically ruled on at the hearing, many of the issues encompassed in the Motion were discussed. The Motion contains what appears to be 10 paragraphs of requests for relief.

Paragraph 1 generally lists the actions Sanders has taken to find counsel and appears to request Court approval to have an attorney from SLS or BNYM represent him in the bankruptcy case. To the extent Sanders requests approval of employment of counsel from SLS or BNYM to represent him in the bankruptcy case, a separate

motion would need to be filed with all necessary documentation pursuant to the Bankruptcy Code and Local Rules. Therefore, the relief requested in paragraph 1 of the Motion is denied.

Paragraph 2 lists several "options" Sanders gives the Court for how he might modify his Confirmed Plan in a manner consistent with the Court's Order granting SLS's Motion to Compel. He suggests that either the Property should be removed from the bankruptcy case or the asset should be appraised with "not a fraudulent and highly inflated BPO valuation." The Court's motion to compel modification in a manner consistent with the previous Confirmed Plan specifically allows Sanders to reserve his rights to challenge the Mortgagee's claim, including its valuation of the Property. To the extent relief is sought in Paragraph 2 of the Motion, such relief is denied.

Paragraph 3 states that Sanders sent his plan but needs access to the DMM for some reason to complete it. These statements seem contradictory. Either way, the Debtor has yet to file a modified plan and a motion to modify and the Court has previously denied Sanders' request to access the DMM. (Doc. 140). Therefore, to the extent relief is sought in Paragraph 3, the Motion is denied.

Paragraph 4 discusses potential relief (the specifics of which the Court is unable to discern) related to an appeal of some kind to a Bankruptcy Appellate Panel. There is no Bankruptcy Appellate Panel in the Eleventh Circuit, and this is not an appellate court. Therefore, to the extent Sanders seeks relief under paragraph 4, the Motion is denied.

Paragraph 5 states as follows:

> Breach of Mortgage Note: Not filing Homeowner Insurance claim when the borrower does not. I have informed/email SLS that I have not made the claims for Hurrican [sp] ETA. I have made offers to let SLS/BNYM take over Homeowner Insurance in the past, which at that time was [H]urricane Irma only BNYM & Wells Fargo do have resources per mortgage note, page 7 of mortgage note last paragraph See exhibits 136.2, 136.3, 136.4, 136.5[.]

The Court is unable to determine what relief, if any, Sanders seeks in paragraph 5. Therefore, to the extent Sanders seeks relief it paragraph 5, the Motion is denied.

Paragraph 6 states that someone has breached an agreement, either by acting or failing to act, because "we needed a valuation." The Court, again, is unable to determine what relief Sanders seeks in this paragraph. Therefore, to the extent paragraph 6 does seek relief, the Motion is denied.

Paragraph 7 just says "[f]raudulent BPO exhibit to come." It is unclear what relief, if any, is sought by in paragraph. Therefore, any relief sought is denied.

Paragraph 8 says only that someone "withheld assets, i.e. title exhibit to come." It is unclear what relief, if any, is sought in this paragraph. Therefore, any relief sought is denied.

In paragraphs 9 and 10, Sanders seems to seek discovery. Sanders does not need Court approval to conduct discovery, though the Court may determine discovery limitations or compel production of discovery if disputes arise. However, no such allegation is made and, it does not appear that Sanders has requested any appropriate relief for the Court to grant. Therefore, the Court denies any relief sought in paragraphs 9 and 10 of the Motion.

Accordingly, the Court **ORDERS** that the Motion (Doc. 136) is **DENIED**.

Further, as the Court has previously stated on the record and noted in its orders, it *strongly* suggests that Sanders hire counsel to represent him in this case and deal with the issues presented before him or, at the very least, that he take advantage of the various resources available to *pro se* debtors.

###

Copies To:

Debtor
Peter Kelly
Chapter 13 Trustee
AUST