# Addium to Objection

To Trustee Roblin Weiner to dismiss Debtor Chapter 13 case due to alleged one non-payment Docket 150

**Dear Honorable Judge Peter D. Russin**

**UNITED STATES BANKRUPTCY COURT**

United States Courthouse 299 E. Broward Blvd.

Courtroom: 301 / Chambers: Room 303

Fort Lauderdale, FL 33301

Bankruptcy Case 19-bk-24331-PDR                    Date: July 4, 2021

The debtor is objecting to the motion to discharge the Debtor Chapter 13 case for the GOOD of the Creditors.

Ralph L. Sanders        Page 1 of 9        case 19-24331                    *R A*

I posted in AVVO a questionas to why I am flagged for Chapter 13 dismiss with 1 missed payment.

One of the attornies answered that payments should start 30 days after filing.the Chapter 13. Then a dim lightbulb came on. In my initial objection I provided a spreadsheet of payments from my bank account. The payments that I had made started in December 2019.

The missing payment is the November 2019 payment.

Some of the below attornies recommend payment plan.

Why now filing for a dismissal of my case from the payment that was accidental missed 29 months ago.

May I have a payment plan to help my creditors?

I had asked my attorney in March 2020 as to why was I behind in payments. The response is in the emails that I had attched to my initial filing

Please review my other filings regarding valuation of my home along with photos, GC quotes of damages

Paying the creditors is paramount to any bankruptcy case.

Ralph L. Sanders          Page **2** of **9**          case **19-24331**



Sincerely

Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

754.801.7097

Bankruptcy case 19-24331

Out against Doctors orders

5 attorney answers



**Avvo Rating: 10**

Reveal number

- Posted Friday at 12:02pm
- 
- Flag

You have the burden of proof of payment. You will be dismissed when 90 days behind or so. Suggest you get all your payments together and meet with your attorney.

1 found this answer helpful | 2 lawyers agree

- Undo Vote
- 1 comment



**Avvo Rating: 9.2**

Reveal number

- Posted Friday at 1:01pm
- 
- Flag

In my district the trustee does not have to allege in the motion to dismiss which payment was missed, just has to allege that a payment was missed. Again, in my district, the trustee will not file a motion to dismiss until a debtor is at least two full payments behind. The trustee probably has various information online which you (or your attorney) could search to find out which specific payment was missed. You can probably work something out with the trustee to allow you to bring your payments current over time, usually three to six months by making a cure payment in addition to your regular payment. You should speak with your attorney or, if you don't have one, with the trustee.

DISCLAIMER: This message is intended

Contact your attorney asap. The Trustee may either file a Motion to Dismissal or be able to get a dismissal without an additional hearing.

Please note this is to be considered general advice and not legal advice about any particular situation. The answering of any question does not...

1 found this answer helpful | 1 lawyer agrees

- Undo Vote
- 0 comments



**Avvo Rating: 9.4**

Reveal number

- Posted Friday at 9:32pm
- 
- Flag

It is so simple. See what payments were in fact made, when and how much from trustee's site. **Next, look at payment 1st due which is not till 30 days after case is filed.** Then add up..but watch as if paid bi-weekly for example it is 2.1667 x the bi-weekly payment for monthly total too. Then look at plan required other payments including tax returns if required in the plan. But first, discuss with your attorney and if none, that was the 1st big mistake. Good luck..and Happy 4th to you too.

Less
0 found this answer helpful | 1 lawyer agrees

- HelpfulUnhelpful



- 3 comments



**Avvo Rating: 6.0**

Reveal number

- Posted Friday at 11:16pm
- 
- Flag

Trustees don't dismiss anything. They file motions requesting dismissal if you fail to comply with the terms of your plan.

Jurisdiction, and even which trustee you have, determine the "low water mark" for when a trustee may file a motion to dismiss for non payment.

Missing one payment is not a death sentence for a case, if you have counsel. If you miss a payment and, perhaps, your case hasn't been confirmed yet and significant objections remain outstanding - then - this is a bit of a different story.

There are ways to fix payment issues, make up the missed payment in a lump sum, make up the missed payment over the life of the plan, the list goes on and on.

Truly, I've never seen a motion to dismiss based upon the ONLY issue being one missed payment. As such, I have to imagine there are other issues outstanding.

Were previous motions to dismiss filed? Were there conditions upon settlement of that motion? Were there conditions imposed on maybe a motion to continue or impose the automatic stay? An adjournment request that was conditioned upon 100% pay history?

I hope you can figure it out. Good luck!!!!

Sir or Madam, the answers I give to your questions do no and should not create an inference, idea, understanding, or agreement between us for me to render legal advice or

representation to you. Further, nothing about my answers should be construed to be "legal advice". Please consult with an attorney to verify the advice given independently. AVVO is not a free legal advice clinic, and any legal question requires an attorney you hire to give legal advice. An Attorney-Client relationship will only be formed upon signing an executing a retainer agreement between prospect and attorney.

Less
0 found this answer helpful | 1 lawyer agrees

### [Hearing_20210601]

### [Beginning of Recorded Material]

**Judge:** And Congress has spoken on the issue, and Congress was attempting to really try to get him under control, the serial filing that goes on in bankruptcy cases. And understandably, I mean people are trying to save their homes.

But in this case, you've got four separate filings, and then this case. And the statute is very clear as to what you need to prove and if there's no substantial change in financial or personal affairs.

Although, you may have been more successful or arguably successful if you have represented the debtor. I can't know that, nor can you, there simply isn't a substantial change here, and that's what the statute requires.

So while I certainly appreciate the efforts of the debtor, and this is a difficult part of my job, I have to deny the motion because you just haven't carried your burden. And so I'm going to look for an order from you, Ms. Fisher, similar to the prior case.

**Ms. Fisher:** Yes, your honor.

**Judge:** Anything else we need to do here on this matter?

**Ms. Fisher:** No, that's it. Thank you.

Ralph L. Sanders        Page 8 of 9        case 19-24331

**Judge:** All right, okay. Thank you, everybody.

**Speaker:** Thank you.

**Judge:** Mr. Girardi, we now back to, there's only one other matter, is that right?

**Mr. Girardi:** That's right, trustee, correct your honor. Their outstanding matter is the only thing left that I had one.